JACOB KUBLER

*v.*

STATE OF ILLINOIS.

*Opinion filed April 27. 1921.*

NON-LIABILITY OF STATE—*Respondeat Superior.* Claimant's son was killed by the premature discharge of a cannon at Camp Lincoln during the encampment of the Illinois National Guard. *Held*, that under the doctrine of *Respondeat Superior* the State is not liable.

STATUTE OF LIMITATIONS—*when claim is barred.* Where the claim is not filed within five years from the time it first accrues it is barred under Section Ten (10) Court of Claims Act, unless it falls within the exceptions therein stated.

Edward J. Brundage, Attorney General, for State.

Harry Kubler, aged twelve years, a son of Jacob Kubler of Springfield, Illinois, was on the 29th day of July, A. D. 1900, without any fault on his part, injured by the premature discharge of the cannon or gun known as the Sunset Gun, the property of the State of Illinois, at Camp Lincoln, during the encampment of the Illinois National Guards at that place, from which injuries the said Harry Kubler died.

It appears from the evidence that the Board of Inquiry appointed to investigate the cause of the premature discharge of said gun, found that the gun was at said time unfit for use.

It appears also from the evidence that an Act was passed by the General Assembly for the indemnity of Jacob Kubler on account of the death of his son, in the sum of fifteen hundred dollars ($1,500.00) but that the bill was returned by the Governor without his approval.

The State of Illinois, through the Attorney General, has filed a demurrer, setting up the Statute of Limitations, and under the law creating the Court of Claims, it is clear that the claim is barred. It will further appear that under the doctrine of *respondeat superior* in force in this State and upheld by this Court, there is no legal liability on the part of the State to claimant for the death of his son.

The claim is therefore rejected.

However, it appears that the General Assembly recognized that there was merit in this claim by passing the Act above referred to, and it further appears that the father of this boy is a poor man struggling to support his family and has been deprived of the help of his son, who, if living, would now be in the prime of life and would be able to support his father.

Therefore, as an act of social justice, this Court recommends to the General Assembly, that it appropriate to the claimant the sum of fifteen hundred dollars ($1,500.00).